BLUMENFELD v. COHEN.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

CONTRACTS (§ 337*)—ACTION—PLEADING.

   A complaint by a partner alleged that defendant promised to wind up the firm, and to act as attorney in fact in making payments and collections in accordance with a balance sheet prepared by an auditor, and that said sheet showed the sum of $88 due the firm from a certain debtor, that defendant against plaintiff's protest allowed said debtor the sum of $50, in addition to the sum of $35, on account of a claim for professional services rendered to plaintiff's partner, which sum of $50 was not included in the balance sheet, by which plaintiff was damaged in the sum of $25. Held, that, as the allowance complained of was unauthorized, plaintiff was not damaged, as the partners retained their right of recovery against the debtor, so that the complaint stated no cause of action.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1682–1690; Dec. Dig. § 337.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Jacob Blumenfeld against Aaron Cohen. From a judgment overruling a demurrer to the complaint, defendant appeals. Judgment reversed, and demurrer sustained, with leave to amend.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Jacob Kirschenbaum, of New York City, for appellant.
Charles Liebling, of New York City, for respondent.

GUY, J. The complaint alleges that on and prior to November 13, 1913, the plaintiff carried on business as copartner with one Hy-

man Frank; that on November 13th the copartners entered into an agreement in writing with the defendant, whereby the defendant promised and agreed to wind up the business of the copartnership, and to act as attorney in fact for the firm, and to make payment of the firm liabilities and collect outstanding accounts in accordance with balance sheet made by W. Henry Carr Auditing Company, accountant, dated November 8, 1913; that said balance sheet showed the sum of $88.50 net due from J. Kirschenbaum to the copartnership; that thereafter, and in violation of his agreement, and against the protest of the plaintiff, the defendant allowed said Kirschenbaum the sum of $50, in addition to the sum of $35, on account of a claim for professional services rendered to Frank, the copartner, which sum of $50 was not included and contained in the balance sheet made by said accountants, by reason of which the plaintiff was damaged in the sum of $25.

The defendant's demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action should be sustained. Under the authority given the defendant by the copartners, the defendant was not warranted in allowing the sum of $50 to the debtor. The defendant's authority in making allowances to firm debtors was, as alleged in the complaint, limited to those appearing on the balance sheet; and as the allowance complained of was unauthorized, the plaintiff has not been damaged, for the copartners retain their right of recovery in an action against the debtor.

Interlocutory judgment reversed, and demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within five days upon payment of costs of the appeal. All concur.